PÉREZ *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Mayagüez.

No. 13.—Decided October 9, 1908.

NOTICE OF ATTACHMENT—RIGHT OF REDEMPTION—EXPIRATION OF TERM WITHIN WHICH SUCH RIGHT MAY BE EXERCISED.—Where a property is sold under an agreement providing for the redemption thereof, and recorded in the registry in favor of the purchaser, no notice of attachment upon the right of redemption against the vendor may be entered in the registry after the expiration of the redemption period, even though the marginal note showing the consummation of the sale shall not have been entered.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an appeal taken by José Pérez from a decision of the Registrar of Property of Mayagüez, refusing to record an attachment.

By public deed executed in the city of Mayagüez on August 31, 1904, before Notary Mariano Riera Palmer, and recorded in the registry of property of that district, under date of October 1 of said year, Luis Duran y Bracetti, with the consent of his wife, América Monserrate Morales, sold to the commercial firm of M. Grau é Hijos, the house at No. 8 Victoria Street, second quarter of the town of Añasco, for the price of $100, which the vendor acknowledged having received from the

vendee firm., an agreement for the redemption thereof having been embodied in the same contract, by virtue of which if Duran returned to the purchasers on November 30 of said year 1904, the $100 which was the price of the sale, and paid them in addition all the expenses incurred under the contract, including the resale in due time as also any costs incurred in unlawful detainer proceedings, Grau é Hijos would resell the said property to the vendor; but if upon the expiration of the time stated the right of redemption should not have been exercised, the sale would become absolute and irrevocably consummated, in which case the proper marginal note was to be recorded in the registry.

Said marginal note was entered in the registry of Mayagüez on June 26, 1908, at the request of Pedro Grau y Oliver, as manager of the firm of Grau é Hijos, who sold the house, as absolute owners thereof, to Tomasa Irene Rivera, under deed of the 11th of the said month of June, which was presented for admission to record on the day after its date, the entry of such record being still pending on the date of the decision referred to, in which marginal note it was stated that the sale had been consummated, the right to repurchase being left without effect, because the time stipulated had expired and neither the vendor nor his successors in interest had availed themselves of such right.

Under an order addressed by the municipal court of Añasco to the marshal of said court in proceedings prosecuted by Diez y Pérez, a limited copartnership, against Luis Duran, for the recovery of a sum of money, an attachment was levied on his right of repurchase for $100, house No. 8 Victoria Street, in the town of Añasco, under the deed of August 31, 1904, and the marshal having issued an order dated June 16, 1908, for a cautionary notice of attachment, the registrar refused to enter said notice through the following memorandum:·

"The entry of notice of attachment referred to in the preceding document is denied, because of the defect that according

to the registry, the right to repurchase, which is the subject of the attachment, has lapsed, inasmuch as the term within which it was to be exercised expired on November 30, 1904, neither Duran nor his successors in interest having availed themselves of their right. For this reason Messrs. Grau. é Hijos applied for and obtained the proper entry of the consummation of the sale in their favor, and in lieu of the desired record the cautionary notice prescribed by law has been entered at folio 228, over, of volume 20 of Añasco, estate No. 244, triplicate, record letter *B*, in which notice, moreover, mention has been made of the curable defect that no sum for costs has been fixed in the order. Mayagüez, June 29, 1908. Dr. Joaquin Servera Silva, Registrar.''

The refusal of the registrar having been communicated to the firm of Diez y Pérez, the latter withdrew the document and have come to this Supreme Court on appeal, praying that the decision of the Registrar of Property of Mayagüez denying the record of the attachment be reversed.

According to rule one of article 92 of the Regulations for the execution of the Mortgage Law, if the ownership of the estates attached appears recorded in the old or new books in favor of a person other than the one against whom the attachment is ordered, entry of the notice shall be refused. The provisions prescribed by the law and regulations for records refused on account of errors which cannot be corrected, being observed; and as the house attached has been recorded in the Registry of Property of Mayagüez in favor of the firm of M. Grau é Hijos, since October 1, 1904, with an agreement of repurchase in favor of Luis Duran which lapsed on November 30 of the same year, although the memorandum of the consummation of the sale was not made in the registry until June 26, 1908—that is to say, 10 days after the record of the attachment of the right of repurchase had been applied for, which right no longer had any legal existence—it is evident that the registrar acted in accordance with the law in denying the record of such attachment.

The decision of the Registrar of Property of Mayagüez of June 29 last which is the subject of this appeal, is affirmed, and the documents presented are ordered to be returned to said registrar, together with a certified copy of this decision, for the proper purposes.

*Affirmed.*

Justices Hernández, Figueras and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision in this case.